Case No. 14-1496

# UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

_____

**KEVIN GERARD and MARGARET GERARD,**

> **Plaintiff-Appellees-Appellees,**

**v.**                                          **Case No. 14-1496**

**MICHAEL J. GERARD**

> **Defendant-Appellant-Appellant.**

_____

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF WISCONSIN, THE HONORABLE
CHARLES N. CLEVERT PRESIDING, E.D. WIS. CASE NO. 13-CV-114**

_____

**APPEAL BRIEF OF APPELLANT, MICHAEL J. GERARD**

_____


Michael P. Dunn

Kerkman & Dunn
Attorneys for Michael J. Gerard
757 N. Broadway, Suite 300
Milwaukee, WI 53202
414-277-8515
414-277-0100 (fax)
mdunn@kerkmandunn.com

# TABLE OF CONTENTS

Table of Authorities    iv

Disclosure Statement    vi

Statement of Appellate Jurisdiction    1

Statement of Issues Presented for Appeal    1

Standard of Appellate Review    2

Statement of the Case and Facts    3

Summary of Argument    10

Argument    11

I.    The lower courts failed to properly apply Wisconsin issue preclusion law to the Verdict and summary judgment record.    11

A.    Neither the record nor any findings in the Verdict establish that the jury either addressed or necessarily determined that Michael knew he had no legal justification to record the Memorandum and any such finding was not essential to the Verdict.    12

B.    Neither the record nor any findings in the Verdict establish that the jury either addressed or necessarily determined that Michael recorded the Memorandum desiring to inflict injury on Kevin and Margaret and any such finding was not essential to the Verdict.    15

C.  Neither the record nor any findings in the Verdict     17
establish that the jury either addressed or necessarily
determined that Michael recorded the Memorandum
knowing that it was highly likely to result in injury to
Kevin and Margaret and any such finding was not
essential to the Verdict.

II.    The lower courts failed to properly apply the summary    18
judgment procedure.

A.  The lower courts failed to review the record and all    18
reasonable inferences arising therefrom in a light most
favorable to Michael.

B.  Disputed issues of material fact exist.    20

Conclusion    20

Certificate of Compliance -Brief    21

Certificate of Compliance -Appendix    21

# TABLE OF AUTHORITIES

<u>Federal Cases</u>:

*Cincinnati Life Ins. Co. v. Beyer*, 722 F.3d 939 (7th Cir. 2013)    2

*Honkanen v. Hopper,* 446 B.R. 373, 382 (B.A.P. 9th Cir. 2011)    11

*Jendusa-Nicolai v. Larsen*, 677 F.3d 320, 324 (7th Cir. 2012)    11, 13

*Kawaauhua v. Geiger*, 523 U.S. 57 (1998)    11

*La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*,    2
914 F.2d 900 (7th Cir. 1990)

*Stephan v. Rocky Mountain Chocolate Factory, Inc.*,    2
136 F.3d 1134   (7th Cir. 1998)

*Testerman v. EDS Technical Products Corporation*,    2, 18
98 F.3d 297 (7th Cir. 1996)

*Wheeler v. Laudani*, 783 F.2d 610 (6th Cir. 1986)    13, 14

<u>State Cases</u>:

*Grams v. Boss*, 97 Wis. 2d. 332, 294 N.W.2d 473 (Wis. 1980)    18

*Landess v. Schmidt*, 115 Wis. 2d 186, 340 N.W.2d 213 (Ct. App. 1983)    10

*Michelle T. by Sumpter v. Crozier*,    10
173 Wis. 2d 681, 495 N.W.2d 327 (Wis. 1993)

Federal Statutes and Rules:

28 U.S.C. §158 (a) (1)                                                1

28 U.S.C. §158 (d)                                                   1

11 U.S.C. §523 (a) (6)                              1, 8, 13, 14, 20

Fed. R. Civ. P. 56(a)                                               2

State Statutes:

Wis. Stats. §706.13 (1)                                             5

## DISCLOSURE STATEMENT

The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1):  Michael J. Gerard.

The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court: Kerkman & Dunn.

Appellant, Michael J. Gerard ("Michael), submits this appeal brief.

*Statement of Appellate Jurisdiction*

This is an appeal from a final judgment of the United States District Court for the Eastern District of Wisconsin ("District Court"), the Honorable Charles N. Clevert presiding.  The judgment affirmed a judgment entered in the United States Bankruptcy Court for the Eastern District Court of Wisconsin ("Bankruptcy Court"), the Honorable Susan V. Kelley presiding. The Bankruptcy Court judgment was entered pursuant to a motion for summary judgment.  The jurisdiction of the District Court was based on 28 U.S.C. §158 (a) (1).  The District Court judgment was filed on February 5, 2014 and notice of this appeal was filed on March 6, 2014, less than 30 days after the filing of the judgment.  This court has jurisdiction of this appeal pursuant to 28 U.S.C. §158 (d).

*Statement of Issues Presented for Appeal*

1.  Whether the District Court erred in affirming the Bankruptcy Court's judgment that a jury verdict ("Verdict") rendered in a state court action (the "Ozaukee Action") between Michael and appellees, Kevin Gerard ("Kevin") and Margaret Gerard ("Margaret"), was issue preclusion as to the elements of a claim against Michael under 11 U.S.C. §523 (a) (6).

2.  Whether the lower courts failed to properly apply the summary judgment procedure to the question of issue preclusion.

*Standard of Appellate Review*

The issues presented are questions of law reviewed *de novo* by this court. *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900 (7th Cir. 1990).  Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  If a party moving for summary judgment has properly supported his motion, the burden shifts to the nonmoving party to come forward with specific facts showing there is a genuine issue for trial.  *Cincinnati Life Ins. Co. v. Beyer*, 722 F.3d 939, 951 (7th Cir. 2013).   On a motion for summary judgment, the reviewing court is required to construe the record and all reasonable inferences arising therefrom in a light most favorable to the non-moving party.  *Testerman v. EDS Technical Products Corporation*, 98 F.3d 297, 301 (7th Cir. 1996).

Whether issue preclusion applies with respect to the Verdict is determined by application of Wisconsin law.  *Stephan v. Rocky Mountain Chocolate Factory, Inc.*, 136 F.3d 1134, 1136   (7th Cir. 1998).

*Statement of the Case and Facts*

This appeal and the underlying Verdict and Bankruptcy Court judgment arise from a dispute concerning a parcel of vacant land on Lake Michigan in the Town of Grafton, Wisconsin (the "Grafton Lot," also referred to as "Lot 3"). In August 2007, Michael submitted an offer to purchase the Grafton Lot. To facilitate the purchase Michael enlisted the assistance of Kevin and Margaret. R.1-3 at 109. Kevin is Michael's brother. R.1-1, p.112, ¶6.

Michael, with Kevin's assistance, sought financing from TCF Bank. R.1-3 at 109. Michael and Kevin arranged for their father, an attorney, to draft an agreement ("Agreement"). *Id.* at 110. Under the Agreement, dated October 12, 2007, Kevin and Margaret would fund the down payment, obtain a mortgage for the balance of the purchase price and take title to the Grafton Lot. Michael would make all payments on the mortgage, real estate taxes and a construction loan for construction of a single family home on the Grafton Lot. Upon completion of the home, Kevin and Margaret would deed the Grafton Lot to Michael in exchange for Michael's payment of their out-of-pocket expenses at an interest rate to be agreed upon. R.1-1 at 35, App. 35.

The parties disagreed on the purpose of the Agreement.  Kevin testified in the Ozaukee Action that the agreement was not a contract but instead a business plan that was drafted in response to a request by TCF Bank.  R.1-2 at 186-89.  According to Kevin, when TCF Bank declined to finance the purchase of the Grafton Lot Michael agreed to a new oral agreement that was essentially identical to the Agreement except for the time period for Michael to purchase the Grafton Lot from Kevin and Margaret (1 year under the oral agreement versus upon completion of construction of a home on the lot under the Agreement).  *Id*. at 407-08.  Michael disputed Kevin's version of the facts and contended that the Agreement was a binding contract between the parties to co-develop the Grafton Lot.  *Id.* at 422.

On September 26, 2008, Michael recorded a Memorandum of Interest in Real Estate ("Memorandum") with the Ozaukee County Register of Deeds.  R.1-1 at 33-35, App. 33-35.  The Memorandum was drafted by Attorney Robert A. Carroll and states as follows in pertinent parts:

> Please take notice that by reason of a certain written contract dated October 12, 2007 between the undersigned **MICHAEL JAMES GERARD,** party of the first part, and **KEVIN P. GERARD** and **MARGARET M. GERARD**, husband and wife, party of the second part (the "***Contract***"), on the 16th day of November, 2007, the undersigned party of the first part acquired an equitable and beneficial interest in the following property (the "***Property***"), in Ozaukee County, Wisconsin:

> A copy of the pertinent portion of the Contract is attached hereto as **Exhibit A**…. By virtue of the Contract and pursuant to all terms, conditions and provisions of it, when title to the Property was conveyed to the parties of the second part by a certain Warranty Deed, dated November 16, 2007, and recorded in the office of the Register of Deeds of Ozaukee County, Wisconsin on November 27, 2007 as Document        No. 0873933, parties of the second part have acquired title for convenience only and hold title for the benefit of party of the first part.

Kevin learned of the Memorandum in 2009 when a potential buyer searched the land records and found it.  R.1-3 at 111.  Kevin and Margaret sued Michael in the Ozaukee Action.  On July 23, 2010, Kevin and Margaret filed an amended complaint that alleged four claims: declaration of interest/quiet title, slander of title, partition and breach of contract.  R.1-1 at 14-39.  In the claim for partition, Kevin and Margaret alleged at paragraph 43 that they possessed a 94.73% interest in the Grafton Lot and Michael possessed a 5.27% interest in the Grafton Lot.  *Id.* at 20, App. 43.

Michael initially was represented by counsel in the Ozaukee Action.  His counsel withdrew on August 20, 2010 and Michael defended the action *pro se* thereafter.  *Id.* at 114, ¶16.  After a two day trial the jury returned the Verdict.

The jury was instructed as follows regarding the slander of title questions in the Verdict:

> Questions Nos. 1 through 8 of the Special Verdict Form ask you to decide whether Defendant violated §706.13(1) of the Wisconsin Statutes.  Section 706.13(1) sets forth standards for a slander of title action and states:
>
> Any person who submits for … recording, any lien, claim of lien, … or any other instrument relating to a security interest in or the title to real or personal property, and who knows or should have known that the contents or any part of the contents of the instrument are false, a sham or frivolous, is liable in tort to any person interested in the property whose title is thereby impaired, for punitive damages of $1,000 plus any actual damages caused by the filing, entering or recording.
>
> If Michael Gerard directed his attorney to record the Memorandum of Interest in Real Estate against Lot 3, then the law states Michael Gerard caused the recording of the Memorandum against Lot 3.
>
> If Michael Gerard knew, or should have known, that any part of the Memorandum of Interest in Real Estate, including any part of its Exhibit A, was false, a sham, or frivolous and Michael Gerard was aware, or should have been aware of it at the time he caused the recording of the memorandum, you should answer "Yes" to Question No. 2 of the Special Verdict Form. If you are not so satisfied, you should answer "No" to Question No. 2.

> Under certain circumstances, a person may have a conditional privilege to publish statements concerning a title to real estate. However, the privilege does not protect a person if it is abused. For the conditional privilege to a slander of title claim to apply, Michael Gerard must have had a reasonable ground for believing the truth of the contents of the memorandum, and the contents of the memorandum must have been reasonably calculated to accomplish a privilege purpose. In this case Michael Gerard claims the contents of the memorandum are conditionally privileged because he claims an interest in Lot 3 to protect. An abuse of Michael Gerard's privilege occurred if he at the time of filing the memorandum or at any time thereafter knew that any of the contents were false or filed the memorandum in reckless disregard as to the truth or falsity of the contents of the memorandum.

R.1-3 at 47-48, App. 36-37.

The Verdict contains the following questions and answers that are pertinent to this appeal:

1. Did Michael Gerard cause the recording of the Memorandum of Interest in Real Estate against Lot 3 with the Ozaukee County Register of Deeds Office (hereinafter "Memorandum")?

   Answer: Yes.

2. Answer this question only if you answered "Yes" to Question No. 1: Did Michael Gerard know, or should have known, the contents, or a part of the contents, of the Memorandum were false, a sham, or frivolous?

   Answer: Yes.

3. Answer this question only if you answered "Yes" to Question No. 2:  Did Michael Gerard have a reasonable ground for believing the truth of all of the contents of the memorandum?

Answer:  No.

7. Answer this question only if you answered "No" to Question No. 6: Kevin Gerard and Margaret Gerard deprived of a market which would   have been available to them if the Memorandum had not been recorded?

Answer: Yes.

R.1-1 at 45-46, App. 38-39.

Michael filed a Chapter 11 case and Kevin and Margaret filed an adversary action against Michael alleging that the judgment debt owed to them is non-dischargeable under 11 U.S.C. §523 (a) (6).  R.1-1 at 7-39.  Kevin and Margaret subsequently filed a summary judgment motion.  Michael argued in opposition to the motion that the jury was not asked to determine and did not determine issues of fact germane to the required elements of a claim under §523 (a) (6).  R.1-3 at 9-16.  Michael also filed a Declaration in which he averred that based on the Agreement and statements made to him by Kevin, at all times prior to and during the trial of the Ozaukee Action he believed he possessed an equitable interest in the Grafton Lot.  He further averred that his intent in recording the Memorandum was to protect the equitable interest he believed he possessed.  *Id.* at 82-83, App. 40-41.

On November 15, 2012 the Bankruptcy Court issued a written decision granting the summary judgment motion. *Id.* at 109-19, App. 22-32. On the same day the Bankruptcy Court entered an order for judgment declaring the Ozaukee Action judgment non-dischargeable under §523 (a) (6). R.1-2 at 160-61. In its written decision the Bankruptcy Court concluded that the jury in the Ozaukee Action made findings of fact that satisfied the required elements of the claim under §523 (a) (6). R.1-3 at 115, App. 28.

The Bankruptcy Court concluded that the jury's "answer to question 2 confirms that Michael intended to cause injury by *knowingly* filing a 'false, sham or frivolous' document in violation of the statute, and the answer to question no. 7 demonstrates that the jury found that Michael's calculated act was a direct and material cause of Kevin's and Margaret's injury." *Id.*, at 116-17, App. 29-30. Based on the jury's "No" response to Question No. 3 (whether Michael had a reasonable ground for believing the truth of all of the contents of the Memorandum), and the jury instruction that pertains to that question, the Bankruptcy Court held that the "the jury's rejection of Michael's claim of privilege negates his claim that he filed the Memorandum of Interest to protect his ownership interest or innocent third parties. The jury concluded that he intentionally recorded the Memorandum knowing that the contents were false." *Id.* at 117, App. 30.

Michael timely appealed to the District Court and the District Court affirmed the Bankruptcy Court decision.  R. 6, App. 2-21.  The District Court concluded that the issues of willfulness and malice had been established based on the District Court's conclusion that in "rejecting the conditional privilege, the jury found that Michael - a doctor and a lawyer - had no legal justification to file the Memorandum with attached Agreement and, at a minimum, knew that injury was highly likely to result from the act."  *Id.*, App. 19.

## Summary of Argument

The judgments of the lower courts should be reversed because the findings in the Verdict and the summary judgment record do not establish the required findings for a claim under 11 U.S.C. §523 (a) (6).  Neither the Verdict nor the summary judgment record establish that the jury in the Ozaukee Action necessarily determined that Michael recorded the Memorandum knowing he had no legal justification to do so and that he either acted with intent to cause injury to Kevin and Margaret or with knowledge that the recording of the Memorandum was substantially certain to cause injury to Kevin and Margaret. In addition, no such findings were essential to the Verdict.

*Argument*

I.     *The lower courts failed to properly apply Wisconsin issue
        preclusion law to the Verdict and summary judgment record.*

Under Wisconsin law, a state court judgment's preclusive effect is

determined by whether issue preclusion can, as a matter of law, be applied and

whether application of issue preclusion would be fundamentally fair.  *Michelle*

*T. by Sumpter v. Crozier*, 173 Wis. 2d 681, 698, 495 N.W.2d 327 (Wis. 1993).

A court must consider whether the issue was actually litigated and determined

by a valid judgment in a previous action and whether the determination was

essential to the judgment."  *Landess v. Schmidt*, 115 Wis. 2d 186, 197,

340 N.W.2d 213, 219 (Ct. App. 1983), citing Restatement (Second) of

Judgments §27 (1982).

In *Kawaauhua v. Geiger*, 523 U.S. 57, 61 (1998), the United States

Supreme Court defined "willful" as an act done with actual intent to cause

injury as opposed to an intentional act that causes injuries.  In *Jendusa-Nicolai*

*v. Larsen*, 677 F.3d 320, 324 (7th Cir. 2012), this court held that a "willful and

malicious injury, precluding discharge in bankruptcy of the debt created by the

injury, is one that the injurer inflicted *knowing* he had no legal justification and

either desiring to inflict the injury or *knowing* it was highly likely to result from

his act (emphasis added)."

Under the above authorities, for the Verdict to constitute issue preclusion

in the adversary action, at a minimum the Verdict must set forth findings by the jury establishing that: (a) Michael recorded the Memorandum knowing he had no legal justification to do so; (b) he acted either with intent to cause injury to Kevin and Margaret or with knowledge that the recording of the Memorandum was highly likely to cause injury to Kevin and Margaret; and (c) the findings must be essential to the Verdict. Any reasonable doubt as to what was decided in the prior action should be resolved against Kevin and Margaret. *Honkanen v. Hopper,* 446 B.R. 373, 382 (B.A.P. 9th Cir. 2011).

As demonstrated in the argument that follows, the judgments of the lower courts should be reversed because each court's judgment relies on presumed findings of fact that are not stated anywhere in the Verdict, and none of the presumed findings of fact were essential to the Verdict answers.

> A. *Neither the record nor any findings in the Verdict establish that the jury either addressed or necessarily determined that Michael knew he had no legal justification to record the Memorandum and any such finding was not essential to the Verdict.*

Neither the record nor any findings in the Verdict establish that the jury either addressed or necessarily determined that Michael recorded the Memorandum *knowing* he had no legal justification to do so and any such finding, in any event, was not essential to the Verdict.

The finding that comes closest to addressing this issue is the "No" answer to Question No. 3: Did Michael have a reasonable ground for believing the truth

of all of the contents of the Memorandum?  The lower courts concluded that by answering "No" to Question No. 3, the jury expressly rejected Michael's claim of privilege and they construed the answer to equate to a finding that Michael recorded the Memorandum without just cause or excuse.    R.1-3 at 117, App. 30; R. 6 at 18, App. 19.

While Michael does not dispute the jury by its answer to Question No. 3 found that he recorded the Memorandum without legal justification, it does not follow from that finding that the jury addressed, much less necessarily determined, that Michael *knew* he had no legal justification to record the Memorandum, the finding required under *Jendusa-Nicolai*.  Further, even if the jury had found that Michael knew he had no legal justification to record the Memorandum, that finding would not be entitled to preclusive effect because it was not essential to the Verdict.

In answering Verdict Question No. 3 the jury was not required to determine whether Michael subjectively believed he had legal cause to file the Memorandum.  Question No. 3 only required the jury to determine whether Michael had reasonable grounds to believe the truth of all of the contents of the Memorandum.  That is an objective, negligence type standard.  Since the jury was not required to determine Michael's subjective state of mind in answering Question No. 3, the jury did not necessarily determine that Michael *knew* he had

no legal justification to record the Memorandum and even if it had made such a finding, the finding would not be entitled to preclusive effect because it was not essential to the Verdict.

This case is factually and legally analogous to *Wheeler v. Laudani*, 783 F.2d 610 (6th Cir. 1986), cited approvingly in *Jendusa-Nicolai*. In *Wheeler*, the debtor, pre-petition, was found liable for publishing a libelous document. The pre-petition libel complaint alleged the debtor published the libelous document either knowing that the contents were false or in reckless disregard of the truth of the contents. The judgment creditor sued the debtor in bankruptcy to deny discharge of its libel judgment under §523 (a) (6). The bankruptcy court granted the creditor summary judgment holding that the libel judgment necessarily established that the debtor acted willfully and maliciously, and the district court affirmed.

Noting that reckless disregard for truth is insufficient to establish a claim under §523 (a) (6), and that it was impossible to determine from the general verdict the specific basis for the finding of libel, the Sixth Circuit held that an issue of fact existed that rendered summary judgment inappropriate. 782 F.2d at 615. As in *Wheeler*, since the jury's finding that Michael did not have reasonable grounds to believe the truth of all of the contents of the Memorandum could have been based on negligence, reckless disregard for the

truth of the Memorandum, or knowledge Michael obtained after recording the

Memorandum, it is impossible to determine from the answer to Verdict

Question No. 3 whether the jury necessarily concluded that Michael knew he

was not privileged to record the Memorandum at the time he recorded it.  Since

reasonable doubt exists as to whether the jury necessarily found that Michael

knew he was not legally justified to record the Memorandum at the time he

recorded it and any such finding was not essential to the Verdict, summary

judgment as to that element of the §523 (a) (6) claim was inappropriate.

> **B.  Neither the record nor any findings in the Verdict establish that the jury either addressed or necessarily determined that Michael recorded the Memorandum desiring to inflict injury on Kevin and Margaret and any such finding was not essential to the Verdict.**

Michael claims his intent in filing the Memorandum was to protect his

equitable and beneficial interest in the Grafton Lot.  R.1-3 at p.83, ¶6, App. 41.

Neither the record nor any findings in the Verdict establish that the jury either

addressed or necessarily found that Michael acted with intent to inflict injury on

Kevin and Margaret, and any such finding was not essential to the Verdict.

None of the Verdict questions required that the jury conclude that Michael

acted with intent to cause injury as a prerequisite for answering the questions.

In its decision, the Bankruptcy Court concluded that the jury's response

to Question No.2 (whether Michael knew, or should have known, that the

contents, or a part of the contents, of the Memorandum were false, a sham, or

frivolous) confirms that Michael intended to cause injury by knowingly filing a false, sham or frivolous document in violation of the statute.  R. 1-3 at 116-17, App. 29-30.  There are multiple errors in the Bankruptcy Court's conclusion.

First and foremost Question No. 2 did not require the jury to necessarily determine whether Michael knowingly filed a false, sham or frivolous document.  The question permitted the jury to answer "yes" if it concluded that Michael *should have known* that the contents, or a part of the contents, were false, a sham or frivolous.  "Should have known" and "knowingly" are not synonymous terms, and "should have known" entails an objective, negligence type inquiry.

Second, even if one assumes the jury concluded Michael filed the Memorandum knowing that a part of the contents were false, a sham or frivolous, such a finding would not *ipso facto* compel a conclusion that he filed the Memorandum with subjective intent to cause injury.  Consistent with Kevin and Margaret's acknowledgment that Michael possessed at least a 5.27% interest in the Grafton Lot, the jury could have reasonably agreed with Michael's assertion that his intent in filing the Memorandum was not to cause injury, but instead to protect his equitable and beneficial interest in the Grafton Lot.

Since it is impossible to determine whether the jury necessarily concluded that Michael acted with intent to cause injury and any such finding was not essential to the Verdict, summary judgment based on the response to Question No. 2 was inappropriate.

> C. *Neither the record nor any findings in the Verdict establish that the jury either addressed or necessarily determined that Michael recorded the Memorandum knowing that it was highly likely to result in injury to Kevin and Margaret and any such finding was not essential to the Verdict.*

Neither the record nor any findings in the Verdict support the District Court's conclusion that the jury found that Michael, at a minimum, knew that injury was highly likely to result from the recording of the Memorandum. No such finding appears in the Verdict and nothing in the jury instructions required the jury to either consider or necessarily make that finding. Since the jury was not required to determine whether Michael knew that injury was highly likely to result from the recording of the Memorandum, it is impossible to determine whether the jury in fact made any such finding and any such finding was not essential to the Verdict. The District Court erred in presuming such a finding was made by the jury and in giving preclusive effect to the presumed finding. Its judgment, accordingly, should be reversed.

II.     *The lower courts failed to properly apply the summary judgment procedure.*

The judgments of the lower courts should also be reversed because the courts failed to properly apply the summary judgment procedure. Each court failed to construe the record in a light most favorable to Michael and ignored issues of fact.

A. *The lower courts failed to review the record and all reasonable inferences arising therefrom in a light most favorable to Michael.*

As previously noted, on a motion for summary judgment, the reviewing court is required to construe the record and all reasonable inferences arising therefrom in a light most favorable to Michael. *Testerman*, 98 F.3d at 301. If the material presented is subject to conflicting interpretations or if reasonable people might differ as to its significance, it is improper to grant summary judgment. *Grams v. Boss*, 97 Wis. 2d. 332, 339, 294 N.W.2d 473, 477 (Wis. 1980). The lower courts failed to apply this standard of review in analyzing the summary judgment motion.

For example, the jury's answer to Verdict Question No. 2 could be based on one of two findings by the jury: (a) Michael knew the contents, or a part of the contents of the Memorandum was false, a sham or frivolous; or (b) Michael should have known the contents, or a part of the contents of the Memorandum was false, a sham or frivolous. Instead of adopting alternative (b), the

interpretation that favored Michael, the lower courts adopted alternative (a), the interpretation that favored Kevin and Margaret.

Similarly, with respect to the issue of whether Michael knew he was not legally justified to record the Memorandum, it could be reasonably inferred given the acknowledgment in the partition claim that Michael possessed at least Michael's assertion that his intent in filing the Memorandum was to protect his acknowledged interest in the Grafton Lot and that he subjectively believed he was legally privileged to record the Memorandum. Indeed, no slander of title would have occurred had the Memorandum only stated that Michael possessed an equitable and beneficial interest in the Grafton Lot because that statement was true and conceded by Kevin and Margaret in the amended complaint they filed. R.1-1 at 20, App. 43.

Based on the same acknowledged interest in the Grafton Lot, the jury could have also reasonably concluded that Michael neither acted with intent to cause injury nor with knowledge that an injury was highly likely to result from the recording of the Memorandum. Instead of adopting these favorable inferences, the lower courts construed the Verdict and record in a light most favorable to Kevin and Margaret, and read into the Verdict findings that the jury was neither asked to make nor was required to make. In doing so, the lower courts failed to properly apply the summary judgment procedure and their

judgments should be reversed.

    *B.  Issues of material fact exist that preclude summary judgment.*

The judgments should also be reversed because issues of fact exist that rendered summary judgment inappropriate.  The issues of fact include whether and to what extent the jury considered or necessarily made any determinations germane to the §523 (a) (6) claim.

*Conclusion*

For the reasons set forth herein, Michael respectfully requests that this court reverse the judgments of the lower courts and remand this action to the Bankruptcy Court for further proceedings in the adversary action.

Dated at Milwaukee, Wisconsin this August 21, 2014.

                    Respectfully Submitted,


                    By: /s/ Michael P. Dunn_____
                      Michael P. Dunn

                    Kerkman & Dunn


P.O. Address:

757 N. Broadway, Suite 300
Milwaukee, WI 53202
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: mdunn@kerkmandunn.com

**CERTIFICATE OF COMPLIANCE - BRIEF**

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7) and contains 4,482 words.


By: */s/ Michael P. Dunn*
       Michael P. Dunn

Kerkman & Dunn
Attorneys for Michael J. Gerard

**CERTIFICATE OF COMPLIANCE - APPENDIX**

All materials required by Cir. R. 30(a) and 30(b) are included in the appendix to this brief.


By: */s/ Michael P. Dunn*
       Michael P. Dunn

Kerkman & Dunn
Attorneys for Michael J. Gerard